UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLADYS SAVONE, et al**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10902** |
| **JAMES RIVER INSURANCE COMPANY,**<br>    **Defendant** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by Plaintiffs Gladys Savone and Susanne Walls.[1] Defendant James River Insurance Company opposes this motion.[2] Defendant requests oral argument on Plaintiffs' Motion to Remand.[3] For the reasons that follow, Plaintiffs' Motion to Remand is **DENIED**. Accordingly, Defendant's request for oral argument is **DENIED AS MOOT**.

## BACKGROUND

As set forth in Plaintiffs' petition, on January 27, 2018, a vehicle owned and operated by Alexa Altamura struck the rear of a vehicle owned and operated by Ralph Wilson, which in turn struck the rear of a vehicle owned and operated by Gladys Savone.[4] Susanne Walls was a passenger in Savone's car.[5] Plaintiffs suffered injuries as a result of the vehicle accident.[6] Plaintiffs allege the accident was caused by Altamura's negligence,[7] but Altamura is underinsured.[8] On December 20, 2018, Plaintiffs brought this action

---

[1] R. Doc. 11.
[2] R. Doc. 18.
[3] R. Doc. 19.
[4] R. Doc. 1-3 at III.
[5] *Id.*
[6] *Id.* at V.
[7] *Id.* at IV.
[8] *Id.* at VI.

1

against Defendant James River Insurance Company, which allegedly provided a policy of underinsured motorist coverage on the vehicle owned and operated by Savone.[9] According to Plaintiffs' petition, Plaintiffs seek to recover for:

> [P]ast physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, past, present, and future medical expenses, rental expenses, property damage, loss of use and/or depreciation of vehicle, loss of past and future earnings, loss of future earning capacity, permanent disability of the body, past and future loss of enjoyment of life, loss of consortium, and penalties and attorneys' fees[.][10]

Before the commencement of this litigation, on December 10, 2018, Savone sent a settlement demand to Defendant.[11] The settlement demand represents Savone's medical expenses totaled $9,868.00.[12]

After filing suit, Defendant propounded interrogatories to Savone to determine whether the amount in controversy exceeded $75,000, and Savone provided answers on April 3, 2019.[13] Defendant's interrogatory no. 11 requests: "Please state, in accordance with La. C.C.P. Art. 893, whether the amount in controversy exceeds $75,000."[14] Plaintiffs' answer to no. 11 states:

> Plaintiff objects to this Interrogatory because it is premature in that the investigation and discovery in this regard are incomplete and ongoing.
>
> Additionally, Plaintiff objects to this Interrogatory because it is vague, overly broad and unduly burdensome. Subject to these objections and without waving same, Plaintiff responds as follows:
>> Plaintiff seeks all special damages described in the medicals submitted, along with any property damage or wages submitted. General damages and pain and suffering damages are not susceptible of ready mathematical calculation and thus an amount of general damages claimed is outside the

---

[9] *Id.*
[10] *Id.*
[11] R. Doc. 11-2.
[12] *Id.*
[13] R. Doc. 11-5.
[14] *Id.* at 9.

2

scope of discovery. Plaintiff reserves the right to supplement and/or amend this answer should additional information become available.[15]

Defendant's interrogatory no. 10 requests: "[p]lease give an itemized list of all expenses incurred as a result of the accident which is the subject of this lawsuit, including, but not limited to, medical expenses."[16] Plaintiffs' answer to No. 10 states, in relevant part: "[t]o date, Plaintiffs' special damages include, but are not limited to . . . Total $ 12,565.62."[17]

On April 4, 2019, Savone sent Defendant a second settlement demand for $200,000.[18] The settlement demand references Savone's past medical expenses totaling $11,595.62 and her future medical expenses totaling $375.00.[19] On May 13, 2019, Plaintiffs sent Defendant medical records reflecting Savone had received a surgical recommendation.[20] On May 20, 2019 and May 21, 2019, Plaintiffs sent Defendant estimates of Savone's surgical costs, which exceed $130,000.[21] Defendant removed this matter to the U.S. District Court for the Eastern District of Louisiana on June 5, 2019.[22]

Plaintiffs argue Defendant's removal was untimely because Defendant did not remove the case within thirty days of the petition being served.[23] Specifically, Plaintiffs argue, "[b]ased on the allegations in the Petition and the medical records received by James River Insurance Company along with the demand package sent prior to filing the Petition for Damages" it was facially apparent that the matter in controversy exceeded $75,000 when the petition was served on December 20, 2018.[24] Plaintiffs argue in the

---

[15] *Id.* at 9-10.
[16] *Id.* at 9.
[17] *Id.*
[18] R. Doc. 11-6.
[19] *Id.* at 1.
[20] R. Doc. 18-4 at 1-3.
[21] *Id.* at 4-8.
[22] R. Doc. 1.
[23] R. Doc. 11-1 at 5.
[24] *Id.*

alternative: "based off of Gladys Savone's discovery responses and subsequent demand package, it was facially apparent by no later than April 4, 2019 that the action was removable."[25] Defendant argues it did not become facially apparent that the amount in controversy exceeds $75,000 until Defendant received Savone's medical records on May 20, 2019 and May 21, 2019, and Defendant timely removed the lawsuit within thirty days of receiving this information.[26]

## LAW AND ANALYSIS

Federal district courts have subject matter jurisdiction under 28 U.S.C. § 1332 when diversity of citizenship exists and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."[27] A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[28] As applicable to cases alleging federal subject matter jurisdiction under § 1332, 28 U.S.C. § 1446(b) requires defendants remove such cases within thirty days after the receipt by the defendant of a copy of the initial pleading from which it is "unequivocally clear and certain" that diversity of citizenship exists and the amount in controversy requirement is satisfied.[29] If it is not "unequivocally clear and certain" from the initial pleading that diversity of citizenship exists or the amount in controversy requirement is satisfied, the defendant may file a notice of removal within thirty days after receipt by the defendant of a copy of "an amended pleading, motion,

---

[25] *Id.*
[26] R. Doc. 18 at 5.
[27] 28 U.S.C. § 1332.
[28] *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002) (citation omitted).
[29] 28 U.S.C. § 1446(b); *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002) (stating that the thirty day time limit is triggered when the "pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.") (footnote omitted).

order or other paper" from which it may first be ascertained that diversity of citizenship exists and the amount in controversy requirement is satisfied.[30] If removal is untimely, a case must be remanded to state court.[31]

The December 10, 2018 settlement demand did not trigger the thirty day period for removal. In *Chapman v. Powermatic, Inc.*, the Fifth Circuit expressly rejected the contention that a pre-suit demand letter can constitute "other paper" for purposes of § 1446(b), even if the pre-suit demand letter estimates damages in excess of $75,000.[32] The Fifth Circuit explained:

> The plain language of the second paragraph of § 1446(b) requires that if an "other paper" is to start the thirty-day time period, a defendant must receive the "other paper" after receiving the initial pleading.[33]

The thirty day period was not triggered in this case upon Plaintiffs' filing of their initial pleading because it was not facially apparent from the petition that the amount in controversy exceeded $75,000.[34]

As of April 3, 2019, when Defendant received Plaintiffs' discovery responses, Plaintiffs' known medical expenses totaled $12,562.62.[35] Moreover, Plaintiffs did not provide an affirmative answer to interrogatory no. 11—which asked whether the amount in controversy exceeds $75,000.[36] On April 4, 2019, Plaintiffs sent a second demand for $200,000.[37] However, in the second demand letter, Plaintiffs itemized only past and

---

[30] 28 U.S.C. § 1446(b)(3).
[31] *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 760 (5th Cir. 2000).
[32] *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 164 (5th Cir. 1992).
[33] *Id.*
[34] *See Bosky,* 288 F.3d at 210; *see also* R. Doc. 1-3.
[35] R. Doc. 11-5 at 9.
[36] *See id.* at 9-10.
[37] R. Doc. 11-6.

future medical expenses totaling less than $12,000, and did not provide information substantiating any other damages.[38]

On May 13, 2019, Plaintiffs sent Defendant medical records indicating Savone had received a surgical recommendation.[39] These records did not indicate the estimated costs of the recommended surgical procedures. It did not become "unequivocally clear and certain" that the matter in controversy exceeded $75,000 until May 21, 2019, when Defendant received the second of two sets of medical records which, collectively, estimated Savone's surgical costs to exceed $130,000.[40] At this point, the thirty day period for removal was triggered. Because Defendant removed on June 5, 2019—fifteen days after the period for removal was triggered—Defendant timely removed.[41]

## CONCLUSION

Plaintiffs' Motion to Remand[42] is **DENIED**. Defendant's request for oral argument[43] is **DENIED AS MOOT**.

**New Orleans, Louisiana, this 22nd day of July, 2019.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[38] *See id.*
[39] R. Doc. 18-4.
[40] *Id.*
[41] Even if the removal period was triggered by the medical records sent on May 13, 2019, Defendant's removal was still timely.
[42] R. Doc. 11.
[43] R. Doc. 19.